IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH EMIL KLUG,
    Plaintiff,

vs.                                        Case No.:  5:16cv59/MMP/EMT

R. RIVERA,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Joseph Emil Klug, an inmate of the federal Bureau of Prisons ("BOP") proceeding pro se and in forma pauperis, has filed an Amended Complaint, pursuant to 28 U.S.C. § 1331 (ECF No. 7).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N. D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that this action should be dismissed.

I.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiff names R. Rivera, the Sex Offender Management Program ("SOMP") Coordinator at Marianna Federal Correctional Institution ("Marianna-FCI"), as the

sole Defendant in this case (ECF No. 7 at 1–2). Plaintiff alleges he is a participant in SOMP (*id.* at 6–8). He alleges that on February 4, 2016, Defendant posted a memorandum and a copy of the SOMP Inmate Handbook, which includes a code of conduct which all SOMP inmates must follow (*id.* at 6–8, 10–18). Plaintiff alleges that the Handbook's provisions prohibit SOMP inmates from possessing "items which may be used to further an inmate's sexual deviance," and includes a description of prohibited items (*id.*).[1] Plaintiff alleges the list is vague and overbroad, and will cause him to lose two of his books (one book which contains pictures of religious artwork and shows male genitalia, and another which contains pictures of medical conditions and includes pictures of male genitalia and female breasts), even though he does not find the books sexually stimulating (*id.*). Plaintiff alleges he also receives magazines, such as the St. Louis Cardinals baseball monthly magazine, which sometimes include advertisements with images of female models wearing bikinis (*id.*).

Plaintiff alleges all inmates in SOMP must sign an acknowledgment that they received and read the Handbook, thus acknowledging that they have been notified of

---

[1] For example, the Handbook prohibits any material that could reasonably be expected to contain any depiction of pictures of models who are scantily clad (e.g., in bathing suits); any materials that are "risk relevant to you"; any publication or photograph depicting physical abuse or sexual violence; any material that depicts, describes, or encourages activities which may lead to violence, sexual crimes, or exploitation; and any material that, in the clinical opinion of SOMP staff, is considered to have the potential to contribute to future sexual offending behavior (*see* ECF No. 7 at 6–7, 14–16)

the rules and regulations and agree to be held accountable for failing to obey them (ECF No. 7 at 6–8). He alleges that an inmate's refusal to sign the acknowledgment results in SOMP staff's signing the acknowledgment as a witness to the fact that the inmate was made aware of the rules; therefore, there is no way to "opt out" of obeying the provisions of the Handbook (*id.*).

Plaintiff claims that the Handbook is vague and overbroad in its definition of prohibited materials (ECF No. 7 at 6–9). He asserts inmates are not provided a specific list of prohibited publications and other materials (*id.*). He alleges he could unknowingly violate the Handbook by obtaining material that he did not deem prohibited, but that the SOMP staff may deem prohibited (*id.*).

Plaintiff claims that implementation and enforcement of the provisions of the Handbook violate his First Amendment rights, and his rights to due process and equal protection guaranteed by the Fourteenth Amendment (ECF No. 7 at 9). As relief, he seeks a temporary injunction enjoining Defendant from enforcing the provisions of the Handbook at Marianna-FCI until such time as Plaintiff exhausts his administrative and legal remedies (*id.*).

Plaintiff thus expressly acknowledges that he has not exhausted his administrative remedies (ECF No. 7 at 6). He states that on February 11, 2016, he sent an e-mail to Defendant requesting that enforcement of the provisions of the

Case No.: 5:16cv59/MMP/EMT

Handbook be delayed until he exhausts his administrative and legal remedies (*see id.* at 8; *see also* ECF No. 1, Ex. C). Plaintiff states that on February 12, 2016, a psychologist from SOMP denied his request (*id.*). Plaintiff commenced this lawsuit the next day, on February 13, 2016 (*see* ECF No. 1 at 5). In his amended complaint, filed on March 2, 2016, he states he has now initiated the administrative grievance process by filing an informal grievance and is awaiting a response to that grievance (ECF No. 7 at 6). Plaintiff states he intends to exhaust all of his administrative remedies (*id.*).

II.   ANALYSIS

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe Cnty. Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted).

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not file a civil rights action "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has consistently enforced the PLRA's mandatory exhaustion requirement, holding that the requirement applies to all federal claims brought by any inmate, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See* Woodford v. Ngo, 548 U.S. 81, 93, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 520, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); Booth v. Churner, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *See* Booth, 532 U.S. at 734.

The exhaustion provision is a mandatory precondition to bringing suit in federal court. Jones v. Bock, 549 U.S. 199, 211, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). Courts do not have discretion to waive the exhaustion requirement, even if it can be shown that the grievance process is futile or inadequate. Woodford, 548 U.S. at 85; Alexander v. Hawk, 159 F.3d 1321, 1325–26 (11th Cir. 1998). Nor may courts

inquire as to whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524.

Because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process prior to initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam ); *see also* Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). The Supreme Court has made it clear, however, that the "failure to exhaust is an affirmative defense under the PLRA, and . . . [that] inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). Nevertheless, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. *Id.* at 215–16; *see also* Clark v. Ga. Bd. of Pardons & Paroles, 915 F.2d 636, 640–41 (11th Cir. 1990) (explaining that district court may dismiss prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies").

The BOP provides an Administrative Remedy Program ("ARP") to all inmates housed in its facilities. *See* 28 C.F .R. § 542.10–542.19. Under the ARP, a prisoner

Page 7 of 9

must first present an issue of concern informally to staff at his institution before submitting a Request for Administrative Remedy.  *See* 28 C.F.R. § 542.13.  If the issue is not resolved to the inmate's satisfaction, he may submit a formal written Administrative Remedy Request ("ARR"), on the BP-9 form, to the Warden.  *See* 28 C.F.R. § 542.14.  The deadline for completion of informal resolution and submission of a formal ARR is 20 calendar days following the date on which the basis for the ARR occurred.  *Id.*  If the inmate is not satisfied with the response to his ARR, he may submit an Appeal, on the BP-10 form, to the appropriate Regional Director within 20 days from the date the Warden signed the response to the ARR.  *See* 28 C.F.R. § 524.15.  If the inmate is not satisfied with the response from the Regional Director, he may submit an Appeal, on the BP-11 form, to the General Counsel in the Central Office within 30 calendar days of the date the Regional Director signed the response to the Appeal.  *See* 28 C.F.R. § 542.15.

The allegations in Plaintiff's original and amended complaints, taken as true, demonstrate that prior to commencing this civil rights case, Plaintiff failed to avail himself of BOP procedures for administratively grieving the issues he raises in this civil rights action.  Plaintiff's availing himself of BOP grievance procedures <u>after</u> he commenced this federal action is insufficient to cure his failure to exhaust.  *See* <u>Smith v. Terry</u>, 491 F. App'x 81, 83 (11th Cir. 2012) (unpublished) (even assuming that state

prisoner was permitted to amend or supplement his civil rights complaint against prison officials and medical staff, his supplemental complaint did not cure his failure to exhaust administrative remedies prior to filing his original complaint, as required under PLRA). Therefore, dismissal of this action is warranted. Dismissal should be without prejudice to Plaintiff's commencing a new civil rights action after he has fully and properly exhausted his administrative remedies.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED without prejudice** for failure to exhaust administrative remedies, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 26th day of April 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court=s order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**